Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| CONSUELO MARIE BARBETTA<br><br>Apelante<br><br>v.<br><br>JASON BACKMAN<br><br>Apelado | KLAN202401054 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil núm.: CA2024CV01480 (403)<br><br>Sobre: Incumplimiento de Contrato |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de diciembre de 2024.

Comparece ante este tribunal apelativo, por derecho propio, la Sra. Consuelo Marie Barbetta (señora Barbetta o la apelante) mediante el recurso de apelación de epígrafe solicitándonos la revisión de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina el 13 de noviembre de 2024, notificada al próximo día. Mediante esta, el foro primario declaró *No Ha Lugar* a la *Demanda* presentada por la apelante.

Por los fundamentos que esbozamos a continuación, confirmamos el dictamen apelado.

**I.**

Conforme surge del expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), el 8 de mayo de 2024, la señora Barbetta instó una *Demanda* contra el señor Jason Backman, por alegado incumplimiento de contrato.[1] En lo pertinente a la controversia ante nuestra consideración, el 17 de

---

[1] Véase, Expediente Electrónico del caso CA2024CV01480 del SUMAC, Entrada Núm. 1.

junio de 2024, el foro primario expidió el emplazamiento correspondiente.[2]

Más adelante, el 26 de agosto de 2024, la señora Barbetta presentó un escrito en el que solicitó que se extendiera el periodo para emplazar al apelado.[3] En esencia, sostuvo que la persona que contrató para diligenciar el emplazamiento advino en conocimiento de un padecimiento de cáncer, por lo que no podía gestionar el asunto. Además, arguyó que ella necesitaba recuperarse de un accidente y contratar a un nuevo emplazador. Así pues, la apelante solicitó un plazo adicional de ciento veinte (120) días para diligenciar el emplazamiento.

El 9 de septiembre de 2024, notificada ese mismo día, el foro primario emitió una *Resolución* declarando No Ha Lugar a la solicitud.[4] En su dictamen, el TPI precisó que no estaba autorizado a extender el término en cuestión.

Luego, el 13 de septiembre posterior, la apelante presentó un escrito insistiendo en que se le concediera un plazo adicional, entonces de sesenta (60) días, para diligenciar el emplazamiento correspondiente.[5] El 18 de septiembre de 2024, el TPI declaró No Ha Lugar su solicitud.[6]

El 26 de septiembre de 2024, la señora Barbetta sometió otro escrito ante el foro primario exigiendo nuevamente la extensión del plazo.[7] No obstante, la solicitud fue denegada por el TPI el 3 de octubre de 2024, notificada el 4 de octubre siguiente.[8]

Así las cosas, el 29 de octubre de 2024, notificada el 30 posterior, el tribunal *a quo* dictó la *Sentencia* recurrida,

---

[2] *Íd.*, Entradas Núm. 11 y 12.
[3] *Íd.*, Entrada Núm. 20.
[4] *Íd.*, Entrada Núm. 21.
[5] *Íd.*, Entrada Núm. 23.
[6] *Íd.*, Entrada Núm. 25.
[7] *Íd.*, Entrada Núm. 27.
[8] *Íd.*, Entrada Núm. 28.

desestimando la demanda.[9] A grandes rasgos, el foro primario razonó que el plazo para diligenciar el emplazamiento había vencido sin que la apelante hubiese notificado la demanda presentada.

En desacuerdo, el 12 de noviembre de 2024, la señora Barbetta solicitó la reconsideración del dictamen.[10] En su escrito argumentó que, de conformidad a las Reglas 68.1 y 68.2 de las de Procedimiento Civil,[11] cualquier término podía ser prorrogado por el tribunal si se demostraba justa causa para ello. Adicionalmente, precisó que la solicitud de prórroga fue presentada dentro del término de los ciento veinte (120) días. Finalmente, reiteró que la persona que contrató para diligenciar el emplazamiento se enfermó en julio de 2024, y añadió que ella había sufrido un accidente.

El 13 de noviembre de 2024, notificada el 14 de noviembre siguiente, el TPI declaró No Ha Lugar a la reconsideración.[12]

En desacuerdo, la señora Barbetta acude ante este foro apelativo mediante el recurso de epígrafe. Aunque en su escrito no hace ningún señalamiento de error, esta arguye que la determinación del foro primario –al denegar que se extendiera el plazo para diligenciar el emplazamiento– la perjudica. Asimismo, sostiene que las reglas de procedimiento civil permiten la extensión de cualquier término cuando se demuestre justa causa. Adicionalmente, solicita que aceptemos copia de la demanda enmendada, de conformidad a las Reglas 4.8 y 13.1 de las de Procedimiento Civil.[13]

Analizado el escrito presentado por la apelante; así como los documentos que obran en el expediente electrónico, procedemos a resolver.

---

[9] *Íd.*, Entrada Núm. 31.
[10] *Íd.*, Entrada Núm. 36.
[11] 32 LPRA Ap. V, R. 68.1 y 68.2.
[12] Véase, Expediente Electrónico del caso CA2024CV01480 del SUMAC, Entrada Núm. 39.
[13] 32 LPRA Ap. V, R. 4.8 y 13.1.

## II.

**El Emplazamiento**

En términos generales, la jurisdicción ha sido conceptualizada como el poder o autoridad con el que está investido un tribunal u organismo adjudicativo para atender los casos y las controversias que se le presenten. *Pérez López y otros v. CFSE*, 189 DPR 877, 882 (2013). Ningún tribunal podrá actuar sobre un demandado sin antes haber adquirido la autoridad necesaria para ello, es decir, si antes no adquiere jurisdicción sobre su persona. *Cirino González v. Administración de Corrección, et al.*, 190 DPR 14, 37 (2014).

Dentro de nuestro esquema adversativo civil, el emplazamiento constituye el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial. *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 22 (1993). El emplazamiento también persigue el propósito de notificar a la parte demandada que se ha instado en su contra una reclamación civil de suerte que pueda ésta comparecer al pleito, ser oída y defenderse si es que así lo interesa. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019); *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018). Asimismo, el emplazamiento permite que la parte contra la cual se ha iniciado el proceso en su contra quede obligada con el dictamen que en su día emita el tribunal. *Torres Zayas v. Montano Gómez, et als.*, 199 DPR 458, 467 (2017).

Al ser el emplazamiento un mecanismo de rango constitucional, el fiel y cabal obedecimiento de sus requisitos resulta ser de **estricto cumplimiento**. *Bernier González v. Rodríguez Becerra*, supra, a la pág. 655; *Torres Zayas v. Montano Gómez et als.*, supra, a la pág. 468. Sobre ello, la Regla 4.3 (c) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3, establece lo siguiente:

> El emplazamiento será diligenciado en el término de **ciento veinte (120) días** a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio**. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos. [Énfasis Nuestro].

En *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018), el Tribunal Supremo tuvo la oportunidad de aclarar el lenguaje de referida Regla 4.3, *supra*. Luego de hacer un recuento de las enmiendas que ha sufrido la citada norma, concluyó que **no cabe hablar de discreción a la hora de extender el término de ciento veinte (120) días provistos para el diligenciamiento del emplazamiento** y en cambio, **el tribunal primario está obligado a desestimar automáticamente la reclamación**. Véase, también, *Martajeva v. Ferre Morris*, 210 DPR 612, 621 (2022); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1010 (2021); *Sanchez Ruiz v. Higuera Pérez*, 203 DPR 982, 991 (2020).

### III.

En esencia, nos corresponde determinar si el foro primario incidió al no conceder una prórroga para diligenciar el emplazamiento correspondiente. En su escrito, la apelante argumenta que las Reglas 68.1 y 68.2 de las de Procedimiento Civil, *supra,* permiten que cualquier periodo pueda ser prorrogado ante la demostración de justa causa.

De entrada, resulta meritorio señalar que la referida Regla 68.1, *supra*, en nada responde a la discreción del foro primario para extender algún término. Por el contrario, esta versa estrictamente

sobre la manera en que estos se computan, y la autoridad del Tribunal Supremo para suspender o extender los mismos. De modo que, la misma no es de aplicación al asunto ante nuestra consideración.

Por otro lado, precisamos que la Regla 68.2 de las de Procedimiento Civil, *supra*, no es aplicable al plazo de ciento veinte (120) días con el que cuenta una parte para diligenciar el emplazamiento. Según reseñamos en el derecho que precede, el Tribunal Supremo ha sido enfático en que el referido término es **improrrogable**.[14] Lo que implica que, **el foro primario no tiene discreción para extender el mismo**. Por consecuente, aún cuando una parte demuestre justa causa para solicitar que se extienda el término para emplazar, **el TPI no tiene autoridad para conceder dicho petitorio**.

Así pues, la parte que interese emplazar a otra cuenta **estrictamente** con un plazo de ciento veinte (120) para llevar a cabo la gestión. Dicho plazo comienza a transcurrir una vez la Secretaría del Tribunal de Primera Instancia expide los emplazamientos correspondientes. El incumplimiento con tal precepto obliga al TPI a desestimar la demanda y a ordenar el archivo del caso.

En el presente caso, la demanda se presentó el 8 de mayo de 2024. Luego, el **17 de junio de 2024**, la Secretaría del Tribunal de Primera Instancia expidió el emplazamiento correspondiente. A partir de dicha fecha, la parte contaba con ciento veinte (120) días para diligenciarlo. Esto es, hasta el **15 de octubre de 2024**. No obstante, dicho término expiró sin que la señora Barbetta diligenciara el emplazamiento correspondiente. Ante ello, el foro

---

[14] Véase también, *Martajeva v. Ferre Morris*, 210 DPR 612, 621 (2022); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1010 (2021); *Sanchez Ruiz v. Higuera Pérez*, 203 DPR 982, 991 (2020).

primario únicamente tenía facultad para desestimar y ordenar el archivo del caso, tal y como lo hizo.

A la luz de lo anterior, concluimos que el tribunal *a quo* actuó de manera acertada y conforme a derecho.

Por último, precisamos que no cabe hablar sobre la presentación de una copia enmendada de la demanda, según nos solicita la apelante. El pleito ya fue desestimado de conformidad a las normas procesales aplicables y el ordenamiento jurídico.

**IV.**

Por los fundamentos antes expuestos, confirmamos el dictamen apelado.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones